## BYNE *v.* CORKER.

1. Where, in 1857, a man who then had a wife and one child, a
daughter, conveyed lands and other property to a named per-
son as trustee for the wife "and her children begotten and to
be begot" by the grantor, the deed providing that the latter
was "to manage the said property for and during the term of
his natural life, and [was] to vest the income of said property
according to his best' discretion and as he [should] consider
best," and that "said property [should] be held by said trustee
for the support and maintenance" of the designated cestuis que
trust, all of the property, after the grantor's death, to be
divided equally between the wife and children, share and share
alike, the effect of this instrument was to reserve a life estate
in the grantor, chargeable with the support of the beneficiaries,
and to vest in the trustee, for their use, a fee simple estate in
remainder.

2. Where the wife and daughter, upon the latter's arrival at ma-
jority, with the consent of the grantor, voluntarily divided be-
tween themselves all of the then remaining property covered
by the trust deed, the daughter taking absolute possession and
control of the portion falling to her, and the wife's portion
(consisting mainly of a plantation) remaining in the husband's
possession and under his control, his life estate therein con-

tinued, and, after his death without other issue, such plantation belonged absolutely to the wife.

3. If, after the making of such a division, no person was acting as trustee, and the husband, until his death, absolutely controlled and managed the plantation, disposing of its income as he chose, the wife was not, after his death, individually liable for supplies which had been purchased by him for carrying on farming operations upon the plantation, although he may have contracted for the same nominally as her "trustee" or "agent," this however being done without her knowledge or consent; nor could the indebtedness thus created be made a charge upon the land.

4. If, however, no such division as that indicated in the second note ever took place, the plantation, upon the death of the grantor, became the property of the wife and daughter as tenants in common.

5. Under the pleadings and evidence in the present case, there could be no lawful verdict for the plaintiff.

Argued January 23,—Decided March 8, 1897.

Complaint. Before Judge Callaway. Burke superior court. May term, 1896.

*Lawson & Scales* and *R. O. Lovett,* for plaintiff in error.
*P. P. Johnston* and *E. L. Brinson,* contra.

LUMPKIN, Presiding Justice.

An action was brought by Corker against Charlotte A. Byne, the widow of Edmund Byne, by which the plaintiff sought to recover for certain supplies which had been furnished the deceased for the purpose of enabling him to carry on farming operations upon a certain plantation. For these supplies Byne had contracted as "trustee" or "agent" of his wife; this, however, being done without her knowledge or consent. The plaintiff's theory was, that Mrs. Byne was the real owner of the plantation at the time the supplies were furnished; that her husband, in purchasing them, if not in a technical sense her trustee, was at least her agent; and that whether she knew, or did not know, he was assuming to act in her behalf, she ought to pay for the supplies, because in point of fact she got the benefit of them in the conduct of a business which was really her own. It was further con-

tended that the plaintiff's action was maintainable against Mrs. Byne herself, her husband being dead, and there being no occasion for having a formal trustee as a party defendant to the suit. The result of the trial was a verdict for the plaintiff. Mrs. Byne moved for a new trial on various grounds, and her motion being overruled, she excepted.

The material facts of the case, in addition to those above stated, are about as follows: In 1857, Byne executed and delivered a deed conveying a large amount of property— probably his entire estate—to Willis Young, in trust for the grantor's wife and her children begotten and to be begot by him. At that time there was but one child, a daughter, and no other child was afterwards born to the Bynes. The deed provided that the grantor himself was "to manage the said property for and during the term of his natural life, and [was] to vest the income of said property according to his best discretion and as he [should] consider best," and that "said property [should] be held by said trustee for the support and maintenance of said Charlotte Byne and all the children of said Edmund and Charlotte, so long as said Edmund [should] live, and after the death of said Edmund, all of said property to be divided equally between said Charlotte and all the children of said Edmund and Charlotte, share and share alike; but the management of said property to be had and exercised by said Edmund so long as he [should] live." The trustee named in the deed was, in accordance with provisions therein contained, subsequently succeeded by another person, and he in turn by a third trustee; but at the time the supplies were furnished by Corker the trusteeship was vacant. There was evidence tending to show that, upon the daughter's becoming of age, she and her mother, with the consent of the grantor, voluntarily divided between themselves all of the property covered by the trust deed which had not previously been consumed in its use or had become valueless; and that in pursuance of this division, the daughter took absolute possession and control of certain

realty in the town of Waynesboro, the mother remaining with her husband upon the plantation above referred to, it having fallen to her share in the division, where she continued to reside up to the time of his death. The evidence does not conclusively show that such a division took place, but according to the preponderance of the testimony it would appear that there was such a division. Be this as it may, the plaintiff's declaration alleged that such a division was actually made, and it certainly cannot be unfair to him to deal with the case upon the assumption that this was true. The correctness of the account sued on was duly established.

Whether or not the verdict can lawfully stand really depends upon the construction to be given to the trust deed. Viewing together all of its provisions, we have reached the conclusion that its effect was to reserve a life-estate in Byne, charged with the support of his wife and child, and to vest in the trustee a remainder estate in fee simple for the use and benefit of the wife and daughter. It seems clear that the only purpose in conveying to a trustee was to place the corpus of the property beyond the reach of the grantor's debts and liabilities. Inasmuch as the trustee was not charged with the performance of any immediate active duties, and as the grantor reserved to himself the exclusive control and management of the property during his life, with the power to "vest" the income according to his best discretion, etc., he obviously intended to retain all the rights appertaining to a life tenancy in himself. This was practically the same thing as expressly reserving to himself a legal estate for life; for otherwise, the very object he had in view, as indicated in his deed, must necessarily have failed of accomplishment. We do not understand the word "vest" to have been used in the sense of "invest"; but our idea is, that the grantor meant to reserve to himself the power of disposing of the income in any manner he chose, subject only to a support of the wife and daughter out of the same. If this view is correct, Byne certainly had no right, in any assumed capacity,

of trustee or agent, to contract a debt with Corker which would bind the corpus of the estate in remainder after his death; and we think it also true that he could not, by assuming to act as agent for his wife, without her knowledge or consent, make her liable for an indebtedness created by him in carrying on what was really his own business, over which she had no legal right to exercise any control or supervision.

Our conclusion, therefore, is that the verdict was contrary to law, and ought to be set aside.

*Judgment reversed. All the Justices concurring.*